
FILED
AUG. 16, 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ENNO R. JOHANNS AKA RUDY JOHANNS,<br><br>Petitioner,<br><br>v.<br><br>MERRICK GARLAND,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:21-cv-02036 (UNA) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of petitioner's *pro se* petition for habeas corpus and application for leave to proceed *in forma pauperis*. Petitioner, who is a United States citizen, was convicted of attempted sexual assault and sentenced in Clark County, Nevada. He served his sentence and was released from state custody in July 2000. In 2007, he was sentenced to 8 months in Denver, Colorado, for failure to register as a sex offender as a result of his previous criminal conviction. Upon release, petitioner refused to register as a sex offender and instead moved to Brazil, where he currently resides. He has attempted to return to the United States on two occasions, but was notified at the border that, in order to return, he must register as a sex offender or face arrest for failure to do so. Petitioner generally objects to the proposition of registering as a sex offender and is aggrieved regarding the resulting consequences of same. He asks to be "relived of [sex offender] registry laws" so that he may return to the United States without those repercussions.

To the extent that petitioner challenges his conviction and sentence, he may not do so in this District. Federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an

application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Consequently, this court lacks jurisdiction over this matter, as petitioner was convicted and sentenced in Nevada and Colorado.

It is also uncertain if petitioner is entitled to file for habeas relief. A "writ of habeas corpus shall not extend to a [petitioner] unless" he is "in custody" under some authority. 28 U.S.C. § 2241(c). A person is generally considered "in custody" if he is being held in a prison or jail, or if he is released on conditions of probation or parole, *see, e.g., Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963) (holding that a paroled petitioner is "in custody" because parole restrictions "significantly restrain petitioner's liberty"), or subject to other "substantial" non-confinement restraints on liberty, *see, e.g., Hensley v. Municipal Court*, 411 U.S. 345, 351–53 (1973) (holding that a petitioner released on his own recognizance pending appeal of his sentence was "in custody" for purpose of habeas). Petitioner is neither incarcerated nor in the United States, and he discusses, at length, he faces no restrictions in Brazil, where he is admittedly "avoid[ing] . . . arrest and detention[.]" While petitioner notes the "restraints" of his requirement to register as a sex offender, it is unclear if he as a probationer or parolee, or if this was merely a obligation arising from his sentence and subsequent release.

For all of the foregoing reasons, the petition will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: August 16, 2021

/s/______________________
EMMET G. SULLIVAN
United States District Judge